**In the United States District Court**
**Western District of Oklahoma**
*Will Pardue v. Rural Community Ins. Co. & Humble Ins. Agency*
**(Dist. Ct. of Tillman County, State of Okla., Case No. CJ-2014-16)**

# Exhibit 2

# Plaintiff's Petition

**IN THE DISTRICT COURT OF TILLMAN COUNTY** SEP -2 P 1: 19
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| WILL PARDUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. CJ 2014-16 |
| | § | |
| RURAL COMMUNITY | § | |
| INSURANCE COMPANY and | § | |
| HUMBLE INSURANCE AGENCY | § | **S/RICHARD B. DARBY** |
| | § | |
| Defendants, | § | |

## PETITION

COMES NOW Plaintiff, Will Pardue, for their causes of action against the Defendants named above, hereby state as follows:

1. The Plaintiff, Will Pardue, is a citizen of the State of Texas and a resident of Stephens County.

2. The Plaintiff, Will Pardue, is the owner of property located in Tillman County, Oklahoma that is utilized for farming.

3. The Defendant, Rural Community Insurance Company ("RCIC) is a foreign corporation, with its principal place of business in Overland Park, KS.  Defendant RCIC is in the business of selling insurance.

4. The Defendant, Humble Insurance Agency ("Humble"), is an Oklahoma corporation, with its principal place of business in Tillman County, State of Oklahoma. Defendant Humble is in the business of selling insurance

5. The events which give rise to the suit occurred in Tillman County, Oklahoma.

6. Pursuant to 12 O.S. §§134 and 137, venue is proper in Tillman County.

1

## COUNT ONE – FAILURE TO PROCURE INSURANCE

7. Plaintiff hereby adopts and re-alleges each of the facts and allegations set forth above.

8. Over the past 20 years Plaintiff, Will Pardue, has obtained insurance from Defendant, Humble Insurance Agency, for his crops located on his land in Tillman county.

9. The standard practice between the parties dictated for each crop, each year, Plaintiff, would go to Defendant, Humble Insurance Agency, and sign off on documents, specifically a letter of approval, and Humble Insurance Agency would then send the letter to Plaintiff, and coverage would be in effect.

10. Plaintiff suffered a loss to his canola crop in October of 2013.

11. When Plaintiff reported the loss to Defendant, RCIC, Plaintiff learned that he was not insured because Defendant, Humble, failed to send the proper insurance documents in a timely manner.

12. As a result of the denial, Plaintiff suffered substantial monetary losses in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT TWO – NEGLIGENCE

13. Plaintiff hereby adopts and re-alleges each of the facts and alleges set forth above.

14. At the time of the loss, Plaintiff was not insured for his wheat and canola crops due to Defendants' negligence.

15. Defendant, Humble, failed to send in the proper insurance documents, which resulted n Plaintiff's denial of coverage.

16. Defendants, through their own negligence, unreasonably failed to deal fairly with their own insured, breaching their duty to deal fairly and in good faith by failing to timely, properly, full and reasonably file the necessary paperwork and pay Plaintiff's claim.

2

17. Defendant, RCIC, failed to properly train and supervise Defendant, Humble, and as a result Plaintiff's claim was not processed resulting in substantial monetary loss.

18. As a result of Defendants' failure to deal fairly and in good faith with Plaintiff, Plaintiff suffered damages, including, but not limited to mental anguish and emotional distress.

19. As a direct result of the actions of the Defendants, the Plaintiff has been damaged in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT THREE – PUNITIVE DAMAGES

20. The actions of the Defendants during the handling of the Plaintiff's claim demonstrate they intentionally, and with malice, breached their duty to deal fairly and in good faith. The actions of Defendants were intentional, malicious, and consistent with an overall collective corporate goal of increasing profits through the systematic reduction or avoidance of claims. The Plaintiff, therefore, seeks punitive damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against the Defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) for compensatory damages and punitive damages, together with attorney's fees, costs of this action, interest, and for such other relief as the court may deem just and proper.

Respectfully submitted,

_____

Jim Buxton, OBA #19057
P.O. Box 18606
Oklahoma City, OK 73154
(405) 604-5577 – Telephone
(405) 604-5578 – Facsimile
jim@buxtonlawgroup.com
*Counsel for Plaintiff*

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

3