IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)    WILL PARDUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1049-D |
| | ) | |
| (1)    RURAL COMMUNITY | ) | *Removed from the District Court of* |
| INSURANCE COMPANY and | ) | *Tillman County, Oklahoma* |
| (2)    HUMBLE INSURANCE AGENCY, | ) | *Case No. CJ-2014-0016* |
| | ) | |
| Defendants. | ) | |

**CORRECTED
DEFENDANT RURAL COMMUNITY INSURANCE COMPANY'S
MOTION TO DISMISS, COMPEL ARBITRATION, STAY, AND EXTEND**

Pursuant to the Federal Arbitration Act, 9 U.S.C. § § 1 *et seq.*, the defendant Rural Community Insurance Company ("RCIC") moves to dismiss this case or, in the alternative, to enforce the contract forming the basis of the plaintiff Will Pardue's claims in this case, *i.e.*, the insurance policy that is attached hereto as Exhibit 1 (the "Policy"), and compel the plaintiff to submit all claims alleged in his Petition to arbitration. RCIC further moves to stay all further proceedings in this case and, if necessary, to extend RCIC's time to answer the plaintiff's Petition until twenty days after the Court's ruling on this Motion.

In support of this Motion, RCIC states that the claims made by the plaintiff in his Petition are all within the arbitration provision of the Policy. Specifically, under section 20 of the Policy, which appears on pages 31-33 of Exhibit 1 hereto:

> If resolution cannot be reached through mediation . . . the disagreement *must* be resolved through arbitration . . . . All disputes involving determination made by us [RCIC] . . . are subject to . . . arbitration.

Exhibit 1, section 20(a) and 20(a)(1), pages 31-32 (emphasis added).

The Policy continues:

> If you fail to initiate arbitration in accordance with section 20(b)(1) and complete the process, you *will not* be able to resolve the dispute through judicial review.

Exhibit 1, section 20(b)(2), page 32 (emphasis added).

In light of the Policy's arbitration provisions and the plaintiff's claims, this case should be dismissed or, alternatively, the arbitration provisions of the Policy should be enforced and the plaintiff should be compelled to submit all claims alleged in his Petition to arbitration. Further, all further proceedings in this case should be stayed pending the arbitration.

RCIC's brief in support of this motion is being contemporaneously herewith.

WHEREFORE, the defendant Rural Community Insurance Company ("RCIC") prays that this case be dismissed or, in the alternative, that the Policy's arbitration provisions be enforced and the plaintiff be compelled to submit all claims alleged in his Petition to arbitration. RCIC further prays that all further proceedings in this case be stayed pending the arbitration and, if necessary, RCIC's time to answer the plaintiff's Petition be extended until twenty days after the Court's ruling on this Motion. RCIC also prays for all other relief to which it may be entitled.

Respectfully submitted,

/s/ G. David Bryant
G. David Bryant, OBA No. 1264
Stephen W. Elliott, OBA No. 2685
PHILLIPS MURRAH P.C.
Corporate Tower, 13th Floor
101 North Robinson Avenue
Oklahoma City, OK  73102
(405) 235-4100
(405) 235-4133
gdbryant@phillipsmurrah.com
swelliott@phillipsmurrah.com

and

Daniel N. Rosenstein
(pro hac vice being submitted)
LEVIN & ROSENSTEIN, P.C.
1395 Piccard Drive, Suite 110
Rockville, MD 20850
(301) 208-1795

ATTORNEYS FOR DEFENDANT
RURAL COMMUNITY INSURANCE
COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2014, I electronically transmitted the above and foregoing to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

James B. Buxton, II
jim@buxtonlawgroup.com
cindy@buxtonlawgroup.com

Seth D. Coldiron
scoldiron@piercecouch.com
kguillet@piercecouch.com

Stephen L. Olson
solson@piercecouch.com
sbentley@piercecouch.com

/s/ G. David Bryant
G. David Bryant, OBA No. 1264