# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILL PARDUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1049-D |
| | ) | |
| RURAL COMMUNITY | ) | |
| INSURANCE COMPANY and | ) | |
| HUMBLE INSURANCE AGENCY | ) | |
| | ) | |
| Defendants, | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Strike Voluntary Dismissal Without Prejudice [Doc. No. 22]. The record shows that on October 8, 2014, Plaintiff filed a Dismissal Without Prejudice [Doc. No. 21] purporting to voluntarily dismiss his claims against all Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff now states that he inadvertently included Defendant Humble Insurance Company (Humble) in the dismissal and that he only intended to dismiss Defendant Rural Community Insurance Company (Rural). Plaintiff requests that the Court strike the dismissal and allow Plaintiff the opportunity to re-file a corrected dismissal only as to Defendant Rural.[1]

Generally a dismissal under Rule 41(a)(1)(A)(i) is automatic and divests the Court of jurisdiction. *See, e.g., Janssen v. Harris*, 321 F.3d 998, 1000-01 (10th Cir. 2003) (recognizing that a dismissal under Rule 41(a)(1)(i) (restyled in 2007 as Rule 41(a)(1)(A)(i)) does not require an order of the court and is effective on the date it is filed). However, Plaintiff's attempted voluntary

---

[1]Although Fed.R.Civ.P. 41 speaks of dismissal of actions, numerous court have recognized that the rule can be used to dismiss all claims against one defendant even where the action proceeds against other defendants. *See* 9 Wright & Miller *Federal Practice and Procedure: Civil 3d* § 2362 (in an action with multiple defendants, voluntary dismissal of all claims against a single defendant is permitted as "the sounder view" and followed by the "weight of judicial authority") *see also Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, Case No. 10-CV-0362-CVE, 2011 WL 1793388 at **3-4 (N.D. Okla. May 11, 2011) (unpublished op.) (setting forth cases, noting Tenth Circuit has not addressed the issue, but following the majority approach).

dismissal of Defendant Humble is invalid because Humble has filed an Answer [Doc. No. 12]. Rule 41(a)(1)(A)(i) permits a plaintiff to dismiss an action without a court order so long as the plaintiff files a notice of dismissal "*before* the opposing party serves either an *answer* or a *motion for summary judgment*." *Id.* (emphasis added). Because Humble has already filed its answer, the provisions of Rule 41(a)(1)(A)(i) do not apply to it and the Court has not lost jurisdiction over the action as to Plaintiff's claims against Defendant Humble.

The record further reflects that Defendant Rural has filed an Amended Motion to Dismiss [Doc. Nos. 6-7]. That filing does not prevent Plaintiff's voluntary dismissal of his claims against Rural. *See, e.g., In re Bath and Kitchen Fixtures Antitrust Litigation*, 535 F.3d 161, 166 (3d Cir. 2008) ("Because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice."). Under these circumstances, the Court finds Plaintiff should be granted the relief requested.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Dismissal Without Prejudice [Doc. No. 22] is GRANTED. Plaintiff is granted leave to file a corrected voluntary dismissal without prejudice as to only Defendant Rural Community Insurance Company. Plaintiff is directed to file the corrected dismissal within five (5) days of the date of this Order. The corrected voluntary dismissal will be deemed effective as of October 8, 2014.

IT IS SO ORDERED this 17th day of October, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE