IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  WILL PARDUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CIV-14-1049-D |
| | ) | |
| 1.  RURAL COMMUNITY INSURANCE | ) | *District Court of Tillman County,* |
| COMPANY, and | ) | *State of Oklahoma, Case No.* |
| 2.  HUMBLE INSURANCE AGENCY, | ) | *CJ-2014-16* |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:              Tuesday, March 5, 2013

Appearing for Plaintiff:         Jim Buxton  (OBA No. 19057)
                                 Rachel Smith (OBA No. 32121)
                                 BUXTON LAW GROUP
                                 P.O. Box 18606
                                 Oklahoma City, OK  73154
                                 Telephone: (405) 604-5577
                                 Facsimile: (405) 604-5578

                                 Email: jim@buxtonlawgroup.com

Appearing for Defendant:         Stephen L. Olson       (OBA No. 6777)
                                 Seth D. Coldiron        (OBA No. 20041)
                                 PIERCE COUCH HENDRICKSON
                                  BAYSINGER & GREEN LLP
                                 P.O. Box 26350
                                 Oklahoma City, OK  73126
                                 Telephone:    405/235-1611
                                 Facsimile:    405/235-2904

                                 Email: solson@piercecouch.com
                                        scoldirong@piercecouch.com

**Jury Trial Demanded ☒  -  Non-Jury Trial ☐**

1.    **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

**Plaintiff Will Pardue:**

Plaintiff Will Pardue ("Plaintiff") asserts that Defendant Humble Insurance Agency ("Defendant") failed to send in Plaintiff's insurance documents in a timely manner, resulting in Plaintiff's denial of coverage for Plaintiff's wheat and canola crops. Defendant, through its own negligence, unreasonably failed to deal fairly with Plaintiff, breaching Defendant's duty to deal fairly and in good faith by failing to timely, properly, and responsibly file the necessary paperwork to file Plaintiff's claim.

**Defendant Humble Insurance Agency:**

Defendant Humble Insurance Agency ("Defendant") denies that it was negligent in providing insurance related services to Plaintiff William Pardue ("Plaintiff"), including the procurement of insurance.  Defendant had a longstanding relationship with Plaintiff from, at least, 2007 until 2014.  Defendant assisted Plaintiff with procuring crop insurance over this time. Plaintiff was familiar with the specific requirements and reporting deadlines for obtaining crop insurance. Plaintiff failed to file the necessary reports required to obtain canola crop insurance in 2014, which he now claims resulted from Defendant's negligence or breach of an implied duty of good faith and fair dealing.

Plaintiff's failure to obtain canola crop insurance coverage resulted from his own errors or omissions.  Plaintiff failed to comply with the applicable deadlines for completing, executing and submitting the proper and necessary reports and paperwork for obtaining canola crop insurance coverage.  Plaintiff did not, at any time in 2014, obtain a written agreement from the Risk Management Agency ("RMA") for insuring a canola crop.  While Plaintiff obtained a written agreement for canola in 2013, he did not plant canola for that year.  Plaintiff was well aware of what was required to obtain canola crop insurance, including a written agreement with RMA.  Plaintiff knew or should have known that written agreements with RMA must be approved annually and that such written agreements, in and of themselves, do not guarantee the crop will be insured.

Regardless, Defendant timely prepared the paperwork Plaintiff needed to execute and return so that Plaintiff could apply for insurance coverage.  However, Plaintiff failed to execute and return this documentation in a prompt and timely manner. When Plaintiff finally returned the paperwork, the deadline for submitting it to the insurance carrier had elapsed.  The insurance carrier denied Plaintiff's untimely application.  Defendant did not breach any duty owed to Plaintiff. The services Defendant rendered complied with all applicable industry standards and/or requirements.  Plaintiff's claims for emotional distress and failure to procure insurance are not cognizable claims.  Defendant did not owe Plaintiff a duty to procure his canola crop insurance.  Defendant did not breach any implied duties

of good faith or fair dealing.  Defendant did not owe Plaintiff a duty of good faith or fair dealing.  Defendant's conduct was not unlawful, reckless, willful, malicious, wanton, fraudulent or outrageous.

2.    **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

This action was removed from State Court to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441.

3.    **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

1)  The Parties stipulate to venue and jurisdiction.

4.    **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

a.    <u>Plaintiff</u>: Defendant was negligent and that said negligence resulted in damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

b.    <u>Defendant</u>: Defendant does not seek to recover any damages at this time but may seek an award of attorneys' fees and costs.

5.    **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
☐ Yes  ☒ No

6.    **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

No motions are pending or anticipated at this time.

7.    **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ☒ Yes  ☐ No
If "no," by what date will they be made? <u>Not Applicable</u>

8.    **PLAN FOR DISCOVERY**.

A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>December 15, 2014</u>.

B.    The Parties anticipate that discovery should be completed within <u>four (4)</u> months.

C.    In the event ADR is ordered or agreed to, what is the minimum amount of time

necessary to complete necessary discovery prior to the ADR session?

The minimum amount of time necessary to complete discovery in the event ADR is ordered or agreed to is four (4) months.

D.  Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☒ Yes ☐ No

E.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☒ Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

Not applicable.

F.  Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

Not Applicable.

9.  **ESTIMATED TRIAL TIME**: Three (3) days.

10. **BIFURCATION REQUESTED**: ☐ Yes ☒ No

11. **POSSIBILITY OF SETTLEMENT**: ☐Good ☒ Fair ☐Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A.  Compliance with LCvR 16.1(a)(1) - ADR discussion: ☒ Yes ☐ No

B.  The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation subject to LCvR 16.3
☒ Judicial Settlement Conference
☐ Other _____

☐ None - the parties do not request ADR at this time.

13.     <u>Parties consent to trial by Magistrate Judge?</u>   ☐ Yes ☒ No

14.     <u>Type of Scheduling Order Requested</u>.  ☒ Standard - ☐ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

**Submitted this 31st day of December, 2014.**

/s/Jim Buxton*
Jim Buxton  (OBA No. 19057)
Rachel Smith (OBA No. 32121)
BUXTON LAW GROUP
P.O. Box 18606
Oklahoma City, OK  73154
Telephone: (405) 604-5577
Facsimile: (405) 604-5578

 Email:jim@buxtonlawgroup.com

*Attorney for Plaintiff,*
*Will Pardue*

*-and-*

/s/Seth D. Coldiron
Stephen L. Olson        (OBA No. 6777)
Seth D. Coldiron        (OBA No. 20041)
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN LLP
P.O. Box 26350
Oklahoma City, OK  73126
Telephone:     405/235-1611
Facsimile:     405/235-2904

Email: solson@piercecouch.com
            scoldiron@piercecouch.com

*Attorneys for Defendant,*
*Humble Ins. Agency*

*FILED WITH PERMISSION OF PLAINTIFF'S COUNSEL.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Initial Disclosures was served upon counsel of record as listed below, ***via Certified Mail***, postage prepaid, on this the 3rd day of December, 2014.

Jim Buxton
BUXTON LAW GROUP
P.O. Box 18606
Oklahoma City, OK  73154
Telephone: (405) 604-5577
Facsimile: (405) 604-5578

 Email: jim@buxtonlawgroup.com

*Attorney for Plaintiff,*
*Will Pardue*

/s/ Seth D. Coldiron
Seth D. Coldiron