# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

WILL PARDUE,  )
           )
    Plaintiff,  )
           )
v.  ) Case No. CIV-14-1049-D
           )
HUMBLE INSURANCE  )
AGENCY,  )
           )
    Defendant.  )

## ORDER

Before the Court is Defendant Humble Insurance Agency's (Humble) Motion for Summary Judgment [Doc. No. 34], to which Plaintiff Will Pardue (Pardue) has responded [Doc. No. 42]. The matter is fully briefed and at issue.

## BACKGROUND[1]

Pardue is a part-time farmer in Tillman County, Oklahoma. Pardue does not reside in Tillman County; his main occupation is flying airplanes for Southwest Airlines and he is based out of the Dallas/Fort Worth area. Although Pardue receives mail at his Tillman County farm, he only checks it once a month. Pardue has regularly purchased crop insurance through Humble, and specifically through agent Sheila Richardson, since 2004. Federal regulations applicable to crop

---

[1] The following material facts are either uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to Pardue. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Immaterial facts, facts not properly supported by the record, and legal arguments/conclusions have been omitted.

insurance require an Acreage Report to be filed by a specific deadline to bind crop insurance coverage. For the 2014 crop year, the deadline for filing an Acreage Report for canola and wheat crops in Tillman County was December 15, 2013. Pardue was aware of this deadline and requested coverage for his 2014 wheat and canola crops. On November 8, 2013, Pardue filed a Commodities Report (also known as a FSA 578 Form) with the Tillman County Farm Service Agency (FSA) and had an employee deliver it to Humble's office.

Richardson prepared an Acreage Report using the information from Pardue's FSA 578 Form. On November 25, 2013, Richardson mailed the form to Pardue's farm in Tillman County with a letter requesting he sign the report and return it to Humble's offices. The letter stated, in relevant part:

> *Dear Insured,*
>
> *Please complete all highlighted areas of the acreage report, sign and return. If you do not plant a farm, be sure to enter a zero (0) on the acre line.*
>
> *\* \* \**
>
> *We must have the Producer Print and Acreage Report before December 15, 2013. Please call or come by our office if you need assistance in completing the form.*

Humble did not follow up with Pardue to ensure he received the Acreage Report. Pardue eventually signed the Acreage Report and faxed it to Richardson on January 11, 2014. On April 9, 2013, Rural Community Insurance Company

2

informed Pardue that the Acreage Report was not accepted because it was submitted after the December 15, 2013 deadline.

Pardue sued Humble for failure to procure insurance and negligence, contending Humble negligently failed to timely process the requisite paperwork needed to obtain coverage and inform him of the necessary requirements, which resulted in a loss of coverage for his crops.

## STANDARD OF DECISION

"Summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Bonidy v. U.S. Postal Service*, 790 F.3d 1121, 1124 (10th Cir. 2015) (citing *Peterson v. Martinez*, 707 F.3d 1197, 1207 (10th Cir. 2013)). The substantive law will identify which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Birch v. Polaris Industries, Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

The Court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter asserted, but to determine whether there is a genuine issue for trial. *Id.* An issue is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). An issue

of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *Id.* Once the moving party has met its burden, the burden shifts to the nonmoving party to present sufficient evidence in specific, factual form to establish a genuine factual dispute. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest upon the mere allegations or denials of its pleadings. Rather, it must go beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact. *Salehpoor v. Shahinpoor*, 358 F.3d 782, 786 (10th Cir. 2004).

## DISCUSSION

In this diversity action, the substantive law of Oklahoma applies to Pardue's claims. *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 850 (10th Cir. 2015). Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, *by the agent's fault*, insurance is not *procured* as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶ 16, 189 P.3d 740, 744-45 (quoting *Swickey v. Silvey Co.*, 1999 OK CIV APP 48, ¶ 13, 979 P.2d 266, 269) (emphasis added)); *Rotan v. Farmers Ins. Group of Cos., Inc.*, 2004 OK CIV APP 11, ¶ 2, 83 P.3d 894, 895 (same). Thus, "[i]n order to prevail on a claim for breach of contract to procure insurance, a plaintiff must

4

show that the insurance agent agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so." *Hardison v. Balboa Ins. Co.*, 4 F. App'x 663, 673 (10th Cir. 2001) (unpublished) (quoting *Swickey*, 979 P.2d at 268).

As properly framed by Pardue in his response to Humble's motion, the pivotal issue in this case is why Pardue's wheat and canola crops were not insured for the 2014 season. Humble lays the blame at Pardue's feet and contends his failure to timely sign and return the Acreage Report resulted in the loss. Pardue, in response, contends Humble failed to timely process the requisite paperwork and failed to keep him updated of the requirements necessary to bind coverage.

The Court, construing all evidence and reasonable inferences therefrom in favor of Pardue, concludes this factual dispute should be decided by a jury. On one hand, Pardue does not adequately rebut Humble's assertion that it timely mailed the Acreage Report. Pardue had approximately three weeks to sign the report and return it to Humble for processing. Such facts could lead to the conclusion the failure to procure insurance was Pardue's fault and necessitate summary judgment in Humble's favor. On the other hand, it is undisputed that Pardue obtained insurance through Humble for over ten years, and Humble was well aware that his primary residence was in Texas, not at the Oklahoma mailing address to which Humble sent the report and where Pardue checks his mail only once a month.

5

Moreover, Pardue testified that critical emails from Humble and Richardson during the weeks prior to the deadline were sent to the wrong address, and Richardson acknowledged in testimony that, due to Pardue's full time job as a pilot, there have been times when it was difficult to get in contact with him. Lastly, there is a genuine dispute over whether Humble adequately followed up with Pardue to ensure he had indeed provided all necessary documentation to bind coverage. Richardson contends she requested such information from Pardue on multiple occasions, but such efforts were not documented. Pardue, obviously, disputes this assertion.

Humble's motion asks this Court to do what is prohibited under the applicable standard, which is to weigh the evidence. To the contrary, the Court is required to consider the evidence submitted by the parties in support of and in opposition to the summary judgment motion and grant all reasonable inferences to the non-moving party, in this instance, Pardue. The Court should not determine whether it believes Humble's evidence; rather, it must determine whether Pardue has offered any specific facts that demonstrate the existence of a material fact to be tried. To this end, and for purposes of the present motion, the Court finds there exists a genuine dispute over the reasonableness of both party's actions in procuring insurance coverage for the crops, a matter which is best suited for resolution by a jury.

## CONCLUSION

The Court has carefully considered all of the parties' arguments. To the extent any issue was not specifically addressed above, it is either moot or without merit. Accordingly, the Court finds Humble's Motion for Summary Judgment [Doc. No. 34] should be **DENIED** as set forth herein.

**IT IS SO ORDERED** this 12th day of August, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE