# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILL PARDUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-1049-D |
| | ) |
| HUMBLE INSURANCE | ) |
| AGENCY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are the parties' cross-motions in limine [Doc. Nos. 47, 53]. The matter is fully briefed and at issue.

## STANDARD OF DECISION

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996)). Although such pretrial rulings can save time and avoid interruptions at

trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' . . . and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

A court's rulings are subject to change as the case unfolds or at its judicial discretion. *Luce*, 469 U.S. at 41. Some in limine rulings, like those involving relevance under Rule 403, "are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (citation omitted). Hence, "[a] district court may change its ruling at any time for whatever reason it deems appropriate." *Id.* (quotation omitted).

# DISCUSSION

## I. PLAINTIFF'S MOTION IN LIMINE

### A. References to Lawsuits or Other Claims

Plaintiff first moves to exclude any reference or mention of any lawsuit or other claim than the case at bar. Defendant has no objection to the relief requested, and Plaintiff's motion on this issue is therefore GRANTED.

### B. Effects on the Insurance Industry

Plaintiff next moves to prohibit Defendant from mentioning or arguing this lawsuit or other similar lawsuits in general are responsible for (1) the availability or non-availability of insurance coverage; (2) any rise in the costs of insurance; any personal effect this case may have on the jurors. Defendant objects to this request as irrelevant, as no such issues are present in this case. In light of the fact Defendant does not intend to present any evidence on the issue, Plaintiff's motion on this issue is DENIED as moot.

### C. Mention of a "Lawsuit Crisis"

Plaintiff moves to exclude any mention by Defendant of a "lawsuit crisis." Defendant objects to this request as irrelevant, unnecessary, and states it does not intend to discuss a "lawsuit crisis" or tort reform in general. In light of the fact Defendant does not intend to present any evidence on the issue, Plaintiff's motion on this issue is DENIED as moot.

### D. Unavailable Witnesses

Plaintiff moves to prohibit Defendant from referencing putative testimony from any absent or unavailable witness. Defendant has no objection to the relief requested, and Plaintiff's motion on this issue is therefore GRANTED.

### E. Non-Taxable Nature of Recovery

Plaintiff moves to prohibit any reference to the non-taxable nature of any recovery to be made by Plaintiff. Defendant has no objection to the relief requested, and Plaintiff's motion on this issue is therefore GRANTED.

### F. Manufacturing of Claims

Plaintiff moves to exclude any evidence that his claims were manufactured by attorneys. Defendant has no objection to the relief requested, and Plaintiff's motion on this issue is therefore GRANTED.

### G. Plaintiff's Damages

Plaintiff moves to prohibit Defendant from presenting any evidence refuting Plaintiff's damages. Plaintiff contends such evidence was not produced during discovery and Defendant should be barred from making such presentation at trial. Defendant objects to Plaintiff's request and contends Plaintiff's expert never disclosed her opinions concerning Plaintiff's damages. A ruling on this issue is DEFERRED until the record is more fully developed.

### H. Defendant's Phone Records

Plaintiff seeks an order prohibiting Defendant from producing evidence regarding its alleged phone calls to Plaintiff. Plaintiff contends such evidence was not produced during discovery. Due to the factual dispute over the production and relevance of such records, a ruling on this issue is DEFERRED until the record is more fully developed.

## II. DEFENDANT'S MOTION IN LIMINE

### A. Ruling on Motions

Defendant moves for an order prohibiting Plaintiff from referencing the filing of Defendant's motion in limine and the Court's ruling on said motions. Plaintiff has no objection to the relief requested, and Defendant's motion on this issue is therefore GRANTED.

### B. Rulings on Pretrial Motions

Defendant moves to preclude Plaintiff from making any reference to the Court's rulings on the other pretrial motions made in this case. Plaintiff has no objection to the relief requested, and Defendant's motion on this issue is therefore GRANTED.

### C. Plaintiff's Personalization of the Case

Defendant moves to preclude Plaintiff from "personalizing" his case, i.e., making statements to the jury on how one would feel "if this happened to you."

Plaintiff has no objection to the relief requested, and Defendant's motion on this issue is therefore GRANTED.

### D. Written Agreement for Canola

Defendant seeks to preclude Plaintiff from introducing evidence regarding his desire to obtain a written agreement from the Risk Management Agency to plant canola during the 2014 crop year. Due to the factual dispute over the relevancy of such evidence, a ruling on this issue is DEFERRED until the record is more fully developed.

### E. References to Insurance

Defendant seeks to preclude Plaintiff from making any reference or inference to the existence of Defendant's liability insurance. Plaintiff has no objection to the relief requested, and Defendant's motion on this issue is therefore GRANTED.

### F. Defendant's Financial Condition

Defendant moves for an order prohibiting Plaintiff from making any references to Defendant's financial condition. Plaintiff has no objection to the relief requested, and Defendant's motion on this issue is therefore GRANTED.[1]

---

[1] However, as Defendant concedes, certain financial information is relevant to any assessment of punitive damages. *Deters v. Equifax Credit Information Services, Inc.*, 202 F.3d 1262, 1273 (10th Cir. 2000). Accordingly, the Court shall revisit this issue if an instruction on punitive damages is warranted.

### G. "Send a Message" Arguments

Defendant moves to prohibit any argument to the jury that it should "send a message" to Defendant or "punish" Defendant with an award of damages. Plaintiff has no objection to the relief requested, and Defendant's motion on this issue is therefore GRANTED.

### H. Undisclosed Expert Opinions

Defendant seeks to exclude evidence of expert testimony in support of his damages. The Court finds this issue is MOOT in light of its order granting Defendant's motion to exclude Plaintiff's expert witness.

### I. Litigation Conduct

Defendant moves to exclude evidence of various arguments asserted by defense counsel during the discovery phase of these proceedings. Plaintiff has no objection to the relief requested, and Defendant's motion on this issue is therefore GRANTED.

### J. Hearsay Documents

Defendant seeks to preclude Plaintiff from introducing his expert's disclosure and a prior email as evidence of her opinions. The Court finds this issue is MOOT in light of its order granting Defendant's motion to exclude Plaintiff's expert witness.

### K. Defendant's Policies and Procedures

Defendant seeks to preclude evidence referencing its internal policies and procedures, as well as any purported failure to adhere to such policies. Due to the factual dispute surrounding the relevancy of such evidence, a ruling on this issue is DEFERRED until the record is more fully developed.

### L. References to Breach of Contract Claim

The Court DENIES Defendant's request to preclude evidence of a claim for breach of contract for failure to procure insurance. "In order to prevail on a claim for breach of contract to procure insurance, a plaintiff must show that the insurance agent agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so." *Hardison v. Balboa Ins. Co.*, 4 F. App'x 663, 673 (10th Cir. 2001) (unpublished) (quoting *Swickey v. Silvey Cos.*, 1999 OK CIV APP 48, ¶ 9, 979 P.2d 266, 268). Plaintiff's Petition, filed September 2, 2014, is consistent with the foregoing elements and placed Defendant on reasonable and fair notice that he had asserted a claim for breach of contract for failure to procure insurance. *See* Pet. at ¶¶ 7-12 [Doc. No. 1-2].

### M. Opinion Testimony by Lay Witnesses

Defendant seeks to preclude evidence, through lay witness testimony, of opinions regarding Plaintiff's damages or the cause of his alleged injury. Plaintiff

has no objection to the relief requested, and Defendant's motion on this issue is therefore GRANTED.

## CONCLUSION

In sum, and subject to the requirements of the Federal Rules of Evidence and subsequent developments, the Court's rulings are as follows:

**I.** **Plaintiff's Motion in Limine**

    A.    References to Lawsuits or Other Claims - Inadmissible

    B.    Effects on the Insurance Industry - No such evidence to be offered

    C.    Mention of a "Lawsuit Crisis" - No such evidence to be offered

    D.    Unavailable Witnesses - Inadmissible

    E.    Non-Taxable Nature of Recovery - Inadmissible

    F.    Manufacturing of Claims - Inadmissible

    G.    Plaintiff's Damages - To be determined at trial

    H.    Defendant's Phone Records - To be determined at trial

**II.** **Defendant's Motion in Limine**

    A.    Ruling on Motions - Inadmissible

    B.    Rulings on Pretrial Motions - Inadmissible

    C.    Plaintiff's Personalization of the Case - Inadmissible

    D.    Written Agreement for Canola – To be determined at trial

    E.    References to Insurance - Inadmissible

F.  Defendant's Financial Condition - Inadmissible

G.  "Send a Message" Arguments - Inadmissible

H.  Undisclosed Expert Opinions - Moot

I.  Litigation Conduct - Inadmissible

J.  Hearsay Documents - Moot

K.  Defendant's Policies and Procedures - To be determined at trial

L.  References to Breach of Contract Claim - Admissible

M.  Opinion Testimony by Lay Witnesses on Damages - Inadmissible

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine [Doc. No. 47] and Defendant's Motion in Limine [Doc. No. 53] are **GRANTED IN PART** and **DENIED IN PART** as set forth herein. With respect to any reserved ruling, the Court cautions counsel to approach the bench and seek a ruling before eliciting any challenged evidence or testimony.

**IT IS SO ORDERED** this 16th day of August, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE